# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| FREDERICK L. TAYLOR | CIVIL ACTION NO. 09-118-P |
| VERSUS | JUDGE STAGG |
| WARDEN BURL CAIN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Frederick L. Taylor ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on January 15, 2009. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. Petitioner names Warden Burl Cain as respondent.

On December 15, 1999, Petitioner was convicted of one count of aggravated rape in Louisiana's First Judicial District Court, Parish of Caddo. On December 21, 1999, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges he was convicted of an offense not charged in the indictment.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1.    the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.    the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3.    the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

_____

[1]  The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

4.      the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on December 15, 1999 and sentenced on December 21, 1999. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on December 15, 2000. State v. Taylor, (La. App. 2 Cir. 12/15/00), 774 So.2d 379, 34,096-KA. The Supreme Court of Louisiana denied writs of review on December 14, 2001. State v. Taylor, (La. 12/14/01), 803 So.2d 984, 2001-KO-312. In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244, ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after December 14, 2001 on March 14, 2002.

The federal petition currently before the Court was filed in this Court on January 15, 2009 and signed on January 12, 2009. Since the federal clock began ticking on March 14, 2002, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before March 14, 2003. This petition was not filed until January 2009 at the earliest, more than five years too late.

In addition, the three post-conviction proceedings initiated by Petitioner in May 2006 and May 2007 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. <u>See</u> <u>supra</u> footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied reconsideration on December 12, 2008. <u>State ex rel. Taylor v. State</u>, 2007-2219 (La. 12/12/08), 997 So.2d 553. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the three applications for post-conviction proceedings until May 2006 and May 2007, after the limitation period had already expired in March 2003.

For the foregoing reasons, Petitioner's <u>habeas</u> petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA. <u>See</u> <u>Kiser v. Johnson</u>, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 30th day of March, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE